**In re OAKTON BEACH & TENNIS CLUB REAL ESTATE LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 80–02051.**

United States Bankruptcy Court, E. D. Wisconsin.

Feb. 19, 1981.

Trebon & Schoenfeld, Milwaukee, Wis., for debtor.

Dale E. Pope, Roethe, Buhrow, Roethe & Pope, Edgerton, Wis., for creditor.

## DECISION ON APPLICATION FOR ENLARGEMENT OF TIME

C. N. CLEVERT, Bankruptcy Judge.

This Chapter 11 matter is before the court upon the November 12, 1980, application of F.P.&T. Construction Corporation (F.P.&T.) requesting an extension of time to file a proof of claim beyond the deadline of November 10, 1980. Essentially, F.P.&T.

requests leave to file a late proof of claim to enable it to receive distribution under the debtor's confirmed Chapter 11 plan. The debtor, on the other hand, objects to granting the extension contending that circumstances in this case do not warrant an exercise of this court's discretion.

Therefore, the issues for consideration are: (1) Whether the bankruptcy court in a Chapter 11 proceeding has the authority to enlarge the time for filing of a proof of claim after the deadline fixed by the court has expired; and (2) If the court has authority to enlarge time, whether F.P.&T. has demonstrated sufficient facts to warrant the exercise of this discretion.

## FACTS

(1) On May 17, 1979, the debtor filed a petition under Chapter XII of the Bankruptcy Act of 1898, and scheduled F.P.&T. as a creditor with a disputed claim in the amount of $39,317.86.

(2) F.P.&T. filed a claim in the Chapter XII case which was voluntarily dismissed upon notice to creditors on February 12, 1980.

(3) On April 26, 1980, the debtor filed a petition under Chapter 11 of the Bankruptcy Code and again scheduled F.P.&T.'s claim as disputed.

(4) On September 24, 1980, the debtor's Chapter 11 creditors were mailed an order and combined notice which read in part:

Creditors whose claims are not listed or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim on a date to be later fixed of which you will be later notified.

(5) F.P.&T.'s counsel reviewed debtor's schedules in the office of the U. S. Bankruptcy Clerk on October 15, 1980, and found that F.P.&T.'s claim was listed as disputed.

(6) F.P.&T.'s counsel has contended that while in the office of the Clerk of the U. S. Bankruptcy Court, he asked an employee whether F.P.&T. needed to file a proof of claim in the Chapter 11, and was told that it was not necessary to file "another" proof of claim.

(7) The clerk's employee who allegedly advised F.P.&T.'s counsel indicated in an affidavit filed by debtor's counsel that she did not recall talking with F.P.&T.'s counsel about his client's need to file a proof of claim and stated that it was her belief that a creditor had to file a proof of claim to participate in a case or share in any distribution of assets regardless of whether or not a proof of claim was filed in a prior proceeding.

(8) On October 16, 1980, creditors were sent a notice and order which read in part:

Any creditor holding a listed claim which is not listed as disputed, contingent, or unliquidated as to amount, may, but need not, file a Proof of Claim in this case. Creditors whose claims are not listed or whose claims are listed as disputed, contingent or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their Proofs of Claim on or before October 27, 1980. Any creditor who desires to rely on the list has the responsibility for determining that he is accurately listed.

(9) On October 27, 1980, the debtor filed a modified plan, which was mailed to creditors along with an order dated October 31, 1980, which provided in pertinent part:

Any creditor holding a listed claim which is not listed as disputed, contingent or unliquidated as to amount may, but need not, file a Proof of Claim in this case. *Creditors whose claims are not listed or whose claims are listed as disputed, contingent, or unliquidated as to amount, who have not as yet filed a Proof of Claim and who desire to participate in the case or share in any distribution, must file their Proofs of Claim on or before November 10, 1980.* (Emphasis in original.)

(10) On November 12, 1980, the court confirmed the debtor's modified Chapter 11 plan after which F.P.&T.'s counsel sought leave to file a proof of claim.

## AUTHORITY TO ENLARGE TIME

The question of whether this court is vested with the authority to consider F.P.

&T.'s application to file a proof of claim after the deadline fixed by court order depends on the viability and application of Rule 906(b), Fed.R.Bankr.P., to Chapter 11 proceedings.

*Cases under the Bankruptcy Act.* Under the Act the court's authority to enlarge time for filing proofs of claim depended on which chapter proceeding was involved. In Chapter X and XII proceedings under the Act, Rules 10–401 and 12–30, Fed.R. Bankr.P., authorized the bankruptcy court to entertain applications for the enlargement of time to file proofs of claim in accordance with Rule 906(b), Fed.R. Bankr.P.[1] However, in other Chapter proceedings under the Act, Rule 906 was not available to enlarge the time to file proofs of claim and the bar date provided in Rule 302(e), Fed.R.Bankr.P. was viewed as a statute of limitation, absolute and mandatory, for which the court had no discretion to enlarge.[2]

■ *Cases under the Bankruptcy Code.* In Chapter 11 cases under the Code, claims listed in the debtor's schedules as undisputed and unliquidated as to amount are deemed to have been filed under 11 U.S.C. § 501.[3] On the other hand, and in accordance with Local Rule 3001,[4] claims which a debtor has scheduled as disputed, contingent or unliquidated are not deemed to have been filed, and the creditor holding the claim cannot participate in the case by voting on the debtor's plan or sharing in any sums distributed under the plan unless he files a timely proof of claim. However, neither the Code nor Local Rule 3001 specifically prescribe the applicable procedure, if any, for filing a late proof of claim. Therefore, Federal Rules of Bankruptcy Procedure not inconsistent with the Code would govern.[5]

Upon consideration of the procedures for filing claims in reorganization cases under the Federal Rules of Bankruptcy Procedure, it appears that Rule 10–401[6] and Rule 12–

1. The Advisory Committee's Note on Rule 10–401(b), Fed.R.Bankr.P. provides in part that:
    *Subdivision (b)*: Pursuant to subdivision (b), only creditors whose claims are disputed, contingent, or unliquidated, and creditors as to whom the trustee or debtor in possession determines it advisable to have proofs of claim, need file such proof.... The court may but need not fix a bar date for the filing of proofs with respect to any or all creditors and stockholders. If a claim is required to be filed, failure to do so within the time fixed precludes that creditor from voting on a plan and participating in any distribution....
    If the court has fixed a bar date for the filing of proofs of claim, it may still enlarge that time within the provisions of Bankruptcy Rule 906(b) which is made applicable in this subdivision.
    See, e. g., Advisory Committee's Note on Fed.R.Bankr.P. 12–30; *First National Bank of Mobile v. Everhart*, 617 F.2d 415, 421 (5th Cir. 1980); *In re North American Acceptance Corporation*, 1 B.R. 438, 440 (Bkrtcy.N.D.Ga.1979).

2. *In re Valley Fair Corporation*, 4 B.R. 564, 566 (Bkrtcy.S.D.N.Y.1980); *In re Pan American Supermarkets, Inc.*, 2 B.C.D. 403 (Bkrtcy.E.D.N.Y. 1975); See also 3 *Collier on Bankruptcy* ¶ 57.-27[2] at 415–427 (14th ed. 1977).

3. 11 U.S.C. § 1111(a).

4. Local Rule (Suggested Interim Rule) 3001, applicable in Chapter 11 proceedings, states in part that:
    (b) Filing Proof of Claim.
    (1) Who May File. Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (b)(3) of this rule.
    (2) Who Must File. (A) Any creditors, including the United States, a state, or any subdivision thereof, whose claim is listed as disputed, contingent, or unliquidated as to amount, shall file a proof of claim within the time prescribed by subdivision (b)(3) of this rule; any such creditor who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.
    (B) Notwithstanding the foregoing, the court may, at any time, require the filing of a proof of claim within such time as it may fix. Any person required under this paragraph to file a proof of claim who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.

5. Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, Title VI, § 405(d).

6. Rule 10–401(b) provides in pertinent part that:

30[7] parallel the Code's substantive and procedural provisions regarding claims. In fact, the inescapable conclusion is that Congress intended that Chapter X and Chapter XII claims procedures be followed in Chapter 11 cases under the Code. That being true, Rule 906(b), Fed.R.Bankr.P., must be applied to determine whether F.P.&T.'s application should be granted.[8]

## APPLICATION OF RULE 906(b)

Having determined that this court has the discretion to consider F.P.&T.'s application to file a late proof of claim, the question remains whether exercise of such discretion would be appropriate under Rule 906(b).[9] Under Rule 906, the court's discretion to grant an extension of time is limited when the application is made after the expiration of the time fixed.[10] The exercise of this discretion should be based upon a finding of excusable neglect, and the moving party has the burden of showing circumstances which would constitute excusable neglect.[11]

Although "excusable neglect" has been characterized as "an elastic concept,"[12] the facts must establish a reasonable basis for the party's failure to act.[13] To this extent, ignorance or confusion of the law has been

---

(b) Filing Proof of Claim.
(1) Time for Filing. A proof of claim may be filed at any time prior to the approval of a plan except that the court may fix a different bar date for the filing of claims on notice as provided in Rule 10–209.
(2) Who May File. Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (b)(1) of this rule.
(3) Who Must File. (A) Any creditor, including the United States, a state, or any subdivision thereof, whose claim is listed as disputed, contingent, or unliquidated as to amount, shall file a proof of claim within the time prescribed by subdivision (b)(1) of this rule; any such creditor who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.
(B) Notwithstanding the foregoing, the court may, at any time, require the filing of a proof of claim within such time as it may fix. Any person required under this paragraph to file a proof of claim who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.

7. Rule 12–30(b) provides in pertinent part that:
(b) Filing Proof of Claim.
(1) Time for Filing. The court shall fix a time within which proofs of claim may be filed. For cause shown, the court may extend such time. Notice of the time so fixed shall be transmitted to all creditors.
(2) Who May File. Any creditor or indenture trustee may file a proof of claim within the time fixed pursuant to subdivision (b)(1) of this rule.
(3) Who Must File. (A) Any creditor, including the United States, a state, or subdivision thereof, whose claim is scheduled as disputed, contingent, or any unliquidated as to amount shall file a proof of claim within the time fixed pursuant to subdivision (b)(1) of this rule; any such creditor who fails to do so

shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.
(B) The court may, at any time, require the filing of a proof of claim within such time as it may fix. Any person required under this paragraph to file a proof of claim who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.

8. See Footnote 1.

9. Rule 906, Fed.R.Bankr.P. provides in pertinent part that:
... (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....

10. *In re Goode*, 3 B.R. 207, 6 B.C.D. 70 (Bkrtcy. W.D.Va.1980); *In re Roethe*, 3 B.C.D. 75 (Bkrtcy.W.D.Wis.1977).

11. *In re Goode*, 3 B.R. 207, 6 B.C.D. at 70; see, e. g., 2 *Moore's Federal Practice* p. 6.08 at 1500.70 (2d ed. 1976) (discussing the burden of proof governing 6(b), Fed.R.Civ.P., from which 906(b) is derived); *Martella v. Marine Cooks*, 448 F.2d 729 (9th Cir. 1971) (burden of proof under 60(b)(6), Fed.R.Civ.P.).

12. C. Wright and A. Miller, 4 *Federal Practice & Procedure*, Civil § 1165 at 621; See also, *In re North American Acceptance Corporation*, 1 B.R. at 441.

13. *In re North American Acceptance Corporation*, 1 B.R. at 441; *Beneficial Finance Company v. Manning*, 4 B.C.D. 304, 305 (Bkrtcy.Conn. 1978); *In re Roethe*, 3 B.C.D. at 77.

generally held not to constitute excusable neglect under the federal rules.[14] In addition, when failure to timely perform a duty resulted from a chosen course of action, and the circumstances were within the party's reasonable control, courts have been reluctant to relieve the party of the consequences of its choice.[15]

In the matter before the court, F.P. &T.'s sole excuse for ignoring the law and unambiguous court orders was its reliance upon statements allegedly made by an employee of the Bankruptcy Clerk's office. Even if the clerk's employee did misinform F.P.&T.'s attorney about the need to file a proof of claim, F.P.&T. chose its own course of action, rather than following the clear directives of this court—which merely restated applicable law. This court cannot find neglect of that nature to be excusable, especially in view of the fact that F.P.&T. was represented by an attorney who should have independently determined whether or not his client needed to file a proof of claim.

Therefore, based upon the statements and memoranda of the parties, as well as the record in this proceeding, this court finds that F.P.&T. has failed to show that its failure to file a timely proof of claim was due to excusable neglect as provided in Rule 906(b), Fed.R.Bankr.P.

Accordingly,

IT IS ORDERED that the application of F.P.&T. to enlarge time to file a proof of claim be, and is hereby, denied.

IT IS FURTHER ORDERED that F.P. &T.'s application to participate in the distribution of the debtor's Chapter 11 plan be, and is hereby, denied.

---

14. 7 *Moore's Federal Practice* ¶ 60.22[2] at 252–253 (2d ed. 1976); see, e. g., *Ben Sager Chemicals International v. E. Targosz Co.*, 560 F.2d 805 (7th Cir. 1977) (ignorance or carelessness of client or attorney do not constitute grounds for reopening judgment under Rule 60(b)(1), Fed.R.Civ.P.); *Harlan v. Graybar Electric Co.*, 442 F.2d 425 (9th Cir. 1971) (misreading of federal rule did not constitute excusable neglect under Rule 4(a), Fed.R.App.P.); *In re Goode*, 3 B.R. 207, 6 B.C.D. at 71–72 (confusion over procedure not excusable under Rule

906(b)); *In re Roethe*, 3 B.C.D. at 77–78 (failure to research the law or ignorance of procedures generally does not constitute excusable neglect under Rule 906(b)).

15. See, *In re Valley Fair Corporation*, 4 B.R. 564, 567–568 (Bkrtcy.S.D.N.Y.1980); *Beneficial Finance Company v. Manning*, 4 B.C.D. at 305 (Bkrtcy.Conn.1978); *In re Jerald Kazmer*, Case No. 78–B–1726 (E.D.Wis. 7/20/79); See, e. g. 7 *Moore's Federal Practice*, ¶ 60.22[2] at 256 (2d ed. 1976) (on Rule 60(b), F.R.Civ.P.).