**In re C. S. T. CONSTRUCTION CO., INC., Debtor.**

**Bankruptcy No. 81 B 4074.**

United States Bankruptcy Court, N. D. Illinois, E. D.

July 15, 1982.

See also Bkrtcy., 21 B.R. 837.

Mitchell Jones of Teller, Levit & Silvertrust, Chicago, Ill., for debtor.

Anthony Katavskas of Jacobs, Williams & Montgomery, Chicago, Ill., for Anthony M. Rossi and Anthony M. Rossi & Associates.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Motion of ANTHONY M. ROSSI, individually and d/b/a ANTHONY M. ROSSI & ASSOCIATES, for Leave to File a Proof of Claim against C.S.T. CONSTRUCTION CO., INC. pursuant to Rule 3001 of the Rules of the Bankruptcy Court for the Northern District of Illinois, "Interim Bankruptcy Rules", and the parties appearing by their respective attorneys, and

The Court having examined the Motion, and having received and examined the Memoranda of Law submitted by the parties in support of their respective positions, and having received and examined the evidence adduced, and having heard the testimony of a witness, ANTHONY M. ROSSI, and arguments of counsel, and the Court being fully advised in the premises;

The Court finds:

1. On or about April 17, 1981, C.S.T. CONSTRUCTION CO., INC. filed a bankruptcy petition under chapter 11 of the Bankruptcy Code.

2. The Debtor has been named as a defendant in several lawsuits arising from the collapse of the roof of the Rosemont Horizon Stadium. ANTHONY M. ROSSI, the architect of the design of the stadium, likewise has been named as defendant in numerous suits arising out of the roof collapse.

3. Pursuant to section 362 of the Bankruptcy Code, the filing of the chapter 11 petition by C.S.T. CONSTRUCTION CO., INC. automatically stayed the above-described lawsuits which were pending against C.S.T. CONSTRUCTION CO., INC.

4. On January 21, 1982 ANTHONY M. ROSSI filed a Complaint pursuant to section 362 of the Bankruptcy Code to modify the automatic stay to allow him to proceed to judgment against C.S.T. CONSTRUCTION CO., INC. on any cross-claims or third-party claims ANTHONY M. ROSSI may have had against C.S.T. CONSTRUCTION CO., INC., and the stay was so modified provided that no execution or enforcement of judgments would be sought against the Debtor or the estate. From time to time, this Court has allowed various plaintiffs in the lawsuits involving the roof collapse of the Rosemont Horizon Stadium to proceed to judgment against the Debtor and alleged third-party joint tortfeasors provided that no execution or enforcement of judgments would be sought against the Debtor or the estate.

5. Rule 3001 sets out the requirements with respect to the filing of Proofs of claim in chapter 11 reorganization cases. It provides in pertinent part as follows:

Part III. Claims and Distribution to Creditors; Plan of Reorganization

Rule 3001. Proof of Claim or Interest in Chapter 11 Reorganization Cases

(a) List of Creditors and Equity Security Holders. The list of creditors and equity security holders prepared and filed with the court pursuant to Rule 1007(b) shall constitute prima facie evidence of the validity and amount of claims of creditors which are not listed as disputed, contingent, or unliquidated as to amount, and of interests. Except as provided in subdivision (b)(3) of this rule with respect to claims, it shall not be necessary for the holder of such claim or interest to file a proof of claim or interest.

(b) Filing Proof of Claim.

(1) Who May File. Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (b)(3) of this rule.

(2) Who Must File.

(A) Any creditor, including the United States, a state, or any subdivision thereof, whose claim is listed as disputed, contingent, or unliquidated as to amount, shall file a proof of claim within the time prescribed by subdivision (b)(3) of this rule; any such creditor who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.

(B) Notwithstanding the foregoing, the court may, at any time, require the filing of a proof of claim within such time as it may fix. Any person required under this paragraph to file a proof of claim who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.

(3) Time for Filing. A proof of claim may be filed at any time prior to the approval of the disclosure statement unless a different time is fixed by the court on notice as provided in Rule 2002.

6. In the subject bankruptcy, the Debtor has listed neither ANTHONY M. ROSSI nor ANTHONY M. ROSSI & ASSOCIATES as creditors. Accordingly, in order to be treated as creditors for purposes of voting and distribution, ANTHONY M. ROSSI and ANTHONY M. ROSSI & ASSOCIATES must file a Proof of Claim. This Court has not fixed a time for filing Proofs of Claim. Accordingly, pursuant to Rule 3001(b)(3), timely Proofs of Claim should have been filed anytime prior to the approval of the disclosure statement. The disclosure statement was approved on March 8, 1982. ANTHONY M. ROSSI has not filed a Proof of Claim prior to March 8, 1982. By Motion filed June 4, 1982 he requests leave to file a Proof of Claim even though the date for filing has expired.

7. The Court has discretion to extend the time for filing a Proof of Claim. "[T]he court may, at any time, require the filing of a proof of claim within such time as it may fix." Rule 3001(b)(2)(B). *In re Oakton Beach & Tennis Club Real Estate Ltd. Part-*

*nership,* 9 B.R. 201, 204 (Bkrtcy.E.D.Wis. 1981). Further, Bankruptcy Rule 906 authorizes the court to enlarge the time for filing "upon application made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Bankruptcy Rule 906(b). Bankruptcy Rule 906(b) provides as follows:

Rule 906.

TIME

.　　.　　.　　.　　.

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them.

The Court Concludes and Further Finds:

1. In view of the facts of this case and the Supreme Court decision of *City of New York v. New York N. H. & H. Railroad,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), an extension of time so as to allow the filing of a Proof of Claim by ANTHONY M. ROSSI and ANTHONY M. ROSSI & ASSOCIATES is warranted. *See also Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir. 1974); *In re Harbor Tank Storage Co.,* 385 F.2d 111 (3rd Cir. 1967).

2. In the *New York* case, the Debtor was a railroad and was being reorganized under section 77 of the Bankruptcy Act. Pursuant to paragraph (c)(7) of section 77, the court issued an order directing creditors

to file their claims by a set date, after which time unfiled claims would be denied participation except for cause shown. Section 77(c)(8) of the Act provided that "[t]he judge shall cause reasonable notice of the period in which claims may be filed, . . . by publication or otherwise." In the *New York* case, the City of New York claimed liens on certain real property owned by the Debtor. The railroad mailed copies of the claim date order to mortgage trustees, and all creditors who had already appeared in court. The railroad did not send a copy of the order to the City of New York. The extent of notice to the City of New York and other creditors was two once-a-week publications of the order in five daily newspapers, one of which was the Wall Street Journal.

The City of New York never filed its lien claims. After the claim date had passed, the railroad brought an action requesting a declaratory judgment that the liens were forever barred, void and unenforceable. The District Court granted the relief, and the Supreme Court reversed.

In support of its ruling, the Court noted several factors. Section 77(c)(4) of the Bankruptcy Act provides that the judge require proper persons to file in the court a list of all known creditors, the amount and character of their claims, and their last known post office addresses. A list of creditors was not filed in the *New York* case. The Court surmised that had the listing requirement been complied with, notice probably would have been sent to the City of New York. Further, the railroad and bankruptcy trustees knew about New York's asserted liens. In addition, the liens of the railroad's mortgagees, whose personal representatives were mailed copies of the order, were subordinate to the liens of the City of New York.

In conclusion, the Court stated:

"The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights. New York City has not been accorded that kind of notice."

The Supreme Court further noted that the City of New York knew of the reorganization of the railroad under section 77 of the Bankruptcy Act. The Court found, however, that "even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."

3. In the case *sub judice*, ANTHONY M. ROSSI had knowledge of the bankruptcy proceeding, and he had such notice in time to timely file a Proof of Claim. On June 7, 1982, he testified in court that he did not have knowledge of the C.S.T. CONSTRUCTION CO., INC. bankruptcy until three or four months ago, which would have been approximately between February 7, 1982 and March 7, 1982. With respect to the actual date of notice, this Court does not find this testimony of ANTHONY M. ROSSI to be accurate nor credible. Knowledge of the bankruptcy must be attributed to ANTHONY M. ROSSI at least as of January 21, 1982, the date a Complaint to Modify the Automatic Stay was filed on his behalf. Nevertheless, in light of the *New York* case, such knowledge does not automatically preclude him from filing a Proof of Claim after the bar date.

Like the Debtor in the *New York* case, C.S.T. CONSTRUCTION CO., INC. had knowledge of ANTHONY M. ROSSI's claim, at least as of January 21, 1982. Also like the *New York* case is the existence of applicable rules which require the sending of notice of the time for filing Proofs of Claim.

Rule 2002 of the Rules of the Bankruptcy Court for the Northern District of Illinois provides in pertinent part as follows:

(a) Applicability of Rule. This rule applies only in a case filed under chapter 11 of the Bankruptcy Code.

(b) . . . [T]he clerk of the Bankruptcy Court shall give all creditors, equity security holders, and indenture trustees at least 20 days' notice by mail of . . . (5) the time fixed for filing objections to the approval of the disclosure statement and the hearing to consider approval of the disclosure statement.

(c) Other Notices. ... [T]he clerk of the Bankruptcy Court shall give notice by mail to the debtor, all creditors, equity security holders and indenture trustees of ...

(2) ... the time allowed for filing claims pursuant to Rule 3001.

A creditor is defined in section 101(9) of the Bankruptcy Code:

(9) "creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim;

ANTHONY M. ROSSI and ANTHONY M. ROSSI & ASSOCIATES were creditors entitled to notice of the disclosure hearing, which notice they did not receive. Further, Rule 1007 of the Rules of the Bankruptcy Court for the Northern District of Illinois requires that in chapter 11 reorganization cases "the debtor ... file with the court (1) a list of the debtor's creditors of each class, showing the amounts and character of their claims and securities and, so far as known, the name and address or place of business of each creditor and a statement whether the claim is disputed, contingent or unliquidated as to amount." The Debtor did not list ANTHONY M. ROSSI or ANTHONY M. ROSSI & ASSOCIATES as creditors despite its knowledge that they asserted a claim. If the Debtor had listed them, as required by the Rules, the Clerk of the Bankruptcy Court would have mailed a notice of the disclosure hearing to ANTHONY M. ROSSI and ANTHONY M. ROSSI & ASSOCIATES.

4. Final points regarding the circumstances of the instant case should be noted. Although the disclosure statement has been approved, the reorganization at this point is still at a relatively early stage. The Plan of Reorganization has been voted on but the Plan has not yet been confirmed. Only four months have passed since the expiration of the claim date. Further, the creditors, ANTHONY M. ROSSI and ANTHONY M. ROSSI & ASSOCIATES did not delay in their request to file a Proof of Claim. Shortly after learning of the bar date, they filed their application with the Court.

This Court's decision does not hold that application for an extension of the time for filing a Proof of Claim after the claim date has expired will always be granted where the Debtor knows of the claim, but the required notice of a disclosure hearing or claim date has not been mailed to the creditors. Circumstances such as an already confirmed Plan, a partially or wholly effectuated Plan, or delay on the part of the creditor in requesting leave to file a Proof of Claim may militate in favor of the conclusion that justice does not require nor allow the late filing of a claim. The Supreme Court's decision in *City of New York v. New York N. H. & H. Railroad* does not provide direction for such cases. The *New York* case involved a railroad that after being reorganized continued in business. The property which the City of New York claimed a lien against was still owned and possessed by the railroad. Therefore, under those circumstances, justice clearly required that the claims be allowed to be filed, and that the liens survive. That result will not always follow. Indeed, the Bankruptcy Code specifically recognizes this with respect to chapter 7 cases. The Bankruptcy Code in section 726(a)(2)(C)[1] provides that

1. Section 726(a) provides in pertinent part as follows:

§ 726. Distribution of property of the estate.

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

. . . . .

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

claims tardily filed by a creditor who did not have notice or actual knowledge of the case in time for timely filing will be paid the same as timely filed general unsecured claims, but only if proof of such claim is filed in time to permit payment of such claim. If a creditor in a chapter 7 files a tardy claim and did have notice or actual knowledge of the case in time to timely file a Proof of Claim such creditor participates in distribution only after the tardily filed claims held by creditors without notice or actual knowledge are paid in full.

IT IS THEREFORE ORDERED that the Motion of ANTHONY M. ROSSI, individually and d/b/a ANTHONY M. ROSSI & ASSOCIATES, for Leave to File a Proof of Claim against C.S.T. CONSTRUCTION CO., INC. pursuant to Rule 3001 of the Rules of the Bankruptcy Court for the Northern District of Illinois be, and the same is hereby allowed.

IT IS FURTHER ORDERED that said Proof of Claim be, and the same be filed on or before August 26, 1982.

IT IS FURTHER ORDERED that the Debtor, C.S.T. CONSTRUCTION CO., INC., amend its List of Creditors on or before July 26, 1982 to reflect the names of all known creditors not yet listed showing the amounts and character of their claims and, so far as known, the name and address or place of business of each creditor and a statement whether the claim is disputed, contingent or unliquidated as to amount in accordance with Rule 1007.

IT IS FURTHER ORDERED that any creditors added to the Debtor's List of Creditors pursuant to this Order be, and the same are hereby allowed to file Proofs of Claim on or before August 26, 1982.

IT IS FURTHER ORDERED that the Clerk of the Bankruptcy Court send a copy of this Order and a notice to all creditors added to the Debtor's List of Creditors pursuant to this Order stating that such creditors have been added to the Debtor's List of Creditors, and that each may file a Proof of Claim pursuant to Rule 3001 on or before August 26, 1982.

IT IS FURTHER ORDERED that a status hearing be set for September 14, 1982, at 11:00 o'clock a. m. at which time a date will be set, before which date creditors who are added to the Debtor's List of Creditors pursuant to this Order and other creditors who are granted leave to file late claims shall file objections to confirmation of the Debtor's Plan of Reorganization, and acceptances or rejections of the Plan. At this hearing, the Court will also consider whether or not those creditors who have previously voted on the Debtor's Plan of Reorganization should be allowed to change their votes based on a change in the number and amount of claims provided for by the Debtor's Plan of Reorganization.

IT IS FURTHER ORDERED that August 4, 1982 be, and the same is hereby fixed as the date for the Debtor to object to the timeliness of any Proof of Claim filed by creditors not added to the Debtor's List of Creditors pursuant to this Order and filed after March 8, 1982, the original claim date, the date of the approval of the disclosure statement.

IT IS FURTHER ORDERED that a hearing on said objections be, and the same is hereby set for September 14, 1982, at 11:00 o'clock a. m.

IT IS FURTHER ORDERED that the Debtor serve notice on or before August 25, 1982 of said hearing and the objection relating thereto on each creditor whose Proof of Claim is objected to by the Debtor.

IT IS FURTHER ORDERED that the Debtor file a Certificate of said Service of Notice with the Clerk of the Bankruptcy Court for the Northern District of Illinois.

(C) tardily filed under section 501(a) of this title, if—

    (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

    (ii) proof of such claim is filed in time to permit payment of such claim;