**In the Matter of FABRIC BUYS,**
**Debtor.**

**Bankruptcy No. 81 B 10790.**

United States Bankruptcy Court,
S.D. New York.

March 18, 1983.

---

**514**

Bertram Goldstin, New York City, for Trustee.

Robert L. Ellis, New York City, for Drake Fabrics.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

On March 4, 1982 the Trustee for Fabric Buys of Jericho, Inc. ("Fabric Buys") made a motion in this Court to disallow certain creditors from voting or sharing in any distribution ("March 4th motion"). Among the creditors who would be affected by this order is Drake Fabrics, Inc. ("Drake"). Drake opposed the March 4th motion asserting that its claim had been timely, if informally, filed and that it was unaware, until receipt of the March 4th motion, that a more formal proof of claim was necessary. After a hearing and upon examination of the record and papers submitted the court finds, for reasons set out below, that Drake did not file a timely and adequate proof of claim and therefore the Trustee's March 4th motion is granted as to Drake.

*Facts*

Fabric Buys filed a Chapter 11 petition under the Bankruptcy Reform Act of 1978 ("Code") on April 10, 1981. Drake claims to have sold approximately $45,000.00 worth of textiles to Fabric Buys in the period between December 24, 1980 and February 26, 1981. On April 28, 1981 Drake sent a statement to Fabric Buys showing the balance due. The Trustee in letters dated September 24, 1981 and January 11, 1982 asked for better documentation, but none was provided. Drake was listed in the initial schedule of creditors. However, the schedules were amended pursuant to an order to show cause, a copy of which was served on Drake. This Court authorized the amendment on January 19, 1982 ("January 19th order"). Drake did not oppose the entry of that order.

This January 19th order listed Drake as a disputed claim. It also gave affected creditors an additional thirty days to file a proof of claim. Copies of this order and a letter explaining its consequences for creditors whose status was changed were sent to all creditors affected, including Drake. Again Drake did not respond. The Trustee then made the instant motion to expunge Drake's claim.

In a Chapter 11 case Interim Rule 3001(b) governs the filing of proofs of claim. The proper time to file is set out in section 3001(b)(3): "A proof of claim may be filed at any time prior to the approval of the disclosure statement unless a different time is fixed by the court on notice as provided in Rule 2002." Further, Interim Rule 3001(b)(2)(A) requires "any creditor ... whose claim is listed as disputed, contingent, or unliquidated as to amount, [to] file a proof of claim within the time prescribed by subdivision (b)(3) of this rule. . . ." By the January 19th order Drake was listed as a disputed claim and was required to file a proof of claim within the thirty day limit set by the order. The debtor's disclosure statement was approved on January 19, 1982. Thus, the creditors were given thirty days beyond the approval of the disclosure statement to file proofs of claim.

*Issue*

The issue in this case can be reduced to two questions: (1) was the statement sent by Drake to Fabric Buys on April 28, 1981 a sufficient proof of claim to satisfy Interim Rule 3001(b)(2)(A); and (2) if not, may this Court extend the time limit set by Interim Rule 3001(b)(3) to allow Drake to file its proof of claim at this late date?

*Discussion*

■ Interim Rule 3001(b)(5) sets the form for a proof of claim: "A proof of claim shall consist of a statement in writing setting forth a creditor's claim and ... shall be executed by the creditor or by his authorized agent." The paper offered by Drake as fulfilling its filing requirement is insufficient to meet even these minimal requirements. It is a bare statement of the amount owed, unsigned and with no claim of authorization. While the rule does not require the use of a particular form, reference to Official Bankruptcy Form No. 15—Proof of Claim ("Form No. 15") is useful.

This form is still in effect with the minor change of substituting "debtor" for "bankrupt". 1978 Bankruptcy Code—Comment, [1981], Colliers Pamphlet Ed. pt. 2, at 885. Form No. 15, where the claimant is a corporation, contains the statement "The undersigned ... is authorized to make this proof of claim on behalf of the corporation." While the exact wording of Form No. 15 may not be required, some similar statement is necessary. Drake's statement was unsigned. Based on these facts, the Court finds that the paper offered by Drake is insufficient to qualify as a proof of claim.

 Drake asks that it be allowed, now, to file a formal proof of claim. It relies on the statement of Marvin Wolfman, president of Drake, found in his affidavit in opposition to disallowance, at ¶ 3, that he thought the paper submitted was sufficient. Whatever Mr. Wolfman's "impressions" might have been, he received sufficient notice of the actual state of affairs, including a letter from the Trustee's attorney following the January 19th order which stated: "If the Schedules (as amended) do not list your claim or interest in the proper amount you claim is due, or if your claim or interest is listed as disputed, contingent or unliquidated, you must file a proof of claim with the Bankruptcy Court within thirty (30) days of entry of the attached Order to avoid any prejudice to you."

Furthermore, this Court is very limited in its ability to extend time for filing. Bankruptcy Rule of Procedure 906(b) generally covers the enlargement of time for cause shown. However it does not apply to Bankruptcy Rule 302(e), which governs time to file a proof of claim. Rule 302(e) only allows late filings (1) if application is made before the time expires; (2) if the creditor is incompetent; (3) within 30 days of a judgment becomes final; (4) in a no asset case, if assets are found; (5) if all allowed claims have been paid in full. None of these conditions apply in this case. Thus an extension of time is not appropriate. This Court notes that by the decision of the Third Circuit, *In re Pigott*, 684 F.2d 239, 245 (3d Cir.1982), the bankruptcy court has no discretion to allow late filings under the law in the Third Circuit. In *In re Pigott,* a creditor failed to file a timely proof because the creditor voluntarily evacuated its offices located near the Three Mile Island nuclear power plant during the crisis at that plant. Even those circumstances did not warrant enlargement of time to file proofs of claim.

*Conclusion*

The Court finds that Drake failed to file a timely proof of claim. Drake does not fall under any of the exceptions found in Bankruptcy Rule 302(e). As a matter of fairness, Drake's dilatory behavior in the face of more than sufficient notice gives it no standing to call for equity consideration. Therefore the Trustee's motion is granted and Drake's claim is expunged.