**In re Robert D. HARDY and Beverly J. Hardy, husband and wife, also doing business as Hardy Investments, Debtors.**

**Bankruptcy No. 82–863.**

United States Bankruptcy Court, D. Nevada.

Sept. 15, 1983.

Stephen R. Harris, Reno, Nev., for debtor.

Keith L. Lee, Walther, Key, Maupin, Oats, Cox, Lee & Klaich, Reno, Nev., for creditor Patricia Conley.

## ORDER

ROBERT C. JONES, Bankruptcy Judge.

*Introduction*

This matter was heard on 7 September 1983 and presents the question of whether a

creditor with actual knowledge of the Chapter 11 filing but no notice of the proof of claim bar date may nonetheless have her proof of claim accepted as timely filed though it was received by the Court some three weeks after the bar date. The factual background recited below was gleaned from the files of this Court and the respective briefs and pleadings of counsel, who declined to submit evidence at the hearing and have, in effect, stipulated to the facts and submitted the matter solely on the legal issues involved.

*Background*

On 9 October 1981, Patricia Conley (formerly known as Patricia Vogel) filed a civil complaint in the Second Judicial District Court against debtor Robert D. Hardy. The subject of this action was a dispute over Conley's entitlement to a finder's fee in a real estate transaction. This litigation was stayed on 22 October 1982 by the filing of the debtors' Chapter 11 petition. Conley was not listed as a creditor on the list of creditors that accompanied the debtors' petition nor included on the master mailing matrix submitted to the clerk by debtors' counsel for use in noticing creditors and other parties in interest.

Although Conley was not included on the mailing matrix, she did receive actual knowledge of the debtors' filing through a letter dated 28 October 1982 from debtors' counsel to Conley's attorney. This letter was received on 29 October 1982 and also included a copy of the Chapter 11 petition, but not the list of creditors previously filed, although the copy mentioned that a list of creditors had been filed. Because she was not on the mailing matrix Conley did not receive a copy of the order for the first meeting of creditors, which also fixed the time for filing proofs of claims. This order and notice (mailed 24 November 1982) directed that claims listed as disputed on the debtors' schedules must be filed before approval of the disclosure statement.

On 13 December 1982, the debtors' filed their statement of financial affairs, which listed the Conley state court litigation over the finder's fee. After the filing of this statement, but before the filing of schedules on 21 December 1982, the first meeting of creditors was held on 15 December 1982. The 21 December schedules listed Conley as a creditor holding an unsecured claim without priority that was disputed and listed as being in the amount of $20,000.00. Even though Conley's debt was listed on the schedules, it was still not included on the mailing matrix by the debtors. This omission again became important when notice of the hearing on the debtors' disclosure statement hearing was sent on 25 May 1983. Conley received no notice of the hearing and did not attend. The order approving the disclosure statement was signed on 11 July 1983, and shortly thereafter Conley was listed on the mailing matrix and began receiving notices sent to all creditors on 14 July 1983. Conley did receive notice of the confirmation hearing for debtors' plan of reorganization (held on 9 August 1983).

On 8 August 1983, Conley filed her proof of claim for $28,000.00 and filed a "Motion for Hearing on Disputed Claim, or in the Alternative, Relief from Stay," seeking either a hearing in this Court to determine the allowance and amount of her claim, or to have the automatic stay lifted to allow pursuit of her previously-filed state court action. On 18 August 1983, the debtors filed their objection to the allowance of the Conley claim on the grounds that no agreement to pay a finder's fee ever existed and that Conley's proof of claim was filed untimely. Conley filed her reply to the debtors' objection on 1 September 1983 and on 7 September hearing was convened to address both the Conley motion and the debtors' objection to allowance.

At this hearing, both parties agreed that the threshold issue is whether the Court can or will allow the late filing of Conley's claim: If the filing is allowed, the parties agreed to have the debtors' objection to it heard on 26 October 1983, thereby rendering Conley's request for relief from the stay moot.

*Discussion*

The Interim Bankruptcy Rules, adopted as local rules for use in this district effec-

tive 1 October 1979 (since superceded by the new Bankruptcy Rules), control the procedure in this present matter, as they were effective during the relevant time period involved. Interim Rule 3001(b) requires a creditor whose claim is listed as disputed to file a proof of claim before the approval of the disclosure statement. Interim Rule 2002 requires the bankruptcy court clerk to give notice by mail to all creditors of "the hearing on approval of a disclosure statement." Notices of this sort are often sent by the counsel for the debtor at the clerk's request, as was done in this case. Of course, notice sent to *all* creditors is a fact only if all creditors are properly listed by the debtor as required by Interim Rule 1007 and 11 U.S.C. § 521(1). As the preparation of both the list of creditors and the mailing matrix is the debtors' responsibility, any omission on the former will undoubtedly result in a corresponding omission on the latter, to the prejudice of the omitted creditor.

It was because of this omission that Conley received no written notice from the clerk of the deadline for filing a proof of claim and no notice of the disclosure statement hearing, which would have alerted her to the imminent deadline for filing claims. (Because Conley's claim was listed as disputed, filing a proof of claim was required in order to vote for the plan and participate in any distribution. *See* 11 U.S.C. § 1111(a) and Interim Rule 3001(b)(2)(B).)

There is case authority to support the proposition that the bankruptcy court has the discretion under Interim Rule 3001 to apply former Fed.R.Bankr.P. 906(b) * and enlarge the time for filing a proof of claim in a Chapter 11 case once the bar date has passed (based upon a showing of "excusable neglect"). *In re C.S.T. Const. Co.,* 21 B.R. 840 (Bkrtcy.N.D.Ill.1982); *In re Oakton Beach & Tennis Club Real Estate Ltd. Partnership,* 9 B.R. 201 (Bkrtcy.E.D.Wis.1981); *but see In re V–M Corp.,* 23 B.R. 952 (Bkrtcy.W.D.Mich.1982) (an Act case that included no discussion of Interim Rule 3001). Although Conley has not filed a

motion expressly seeking enlargement of the time for filing claims pursuant to Rule 906, her 1 September 1983 pleading may be viewed as a request for such an extension as it seeks leave of the Court to allow her to file a late claim and asks the Court to "accept as that late claim the claim filed." Reply to Objection to Allowance of Claim and/or in the Alternative, Leave to File a Late Claim, p. 6.

In support of her argument for an enlargement of the filing time that would allow her proof of claim to be deemed filed, Conley has cited *In re C.S.T. Const. Co., supra.* In that case the court granted an extension of time beyond the disclosure statement approval date because the creditors did not receive notice of the disclosure statement hearing, although they had knowledge of the bankruptcy filing in time to file a timely proof of claim. The lack of prejudice to the debtor figured largely in the court's decision, as it observed that "although the disclosure statement has been approved, the reorganization at this point is still at a relatively early stage. The Plan of Reorganization has been voted on but ... not yet confirmed. Only four months have passed since the expiration of the claim date." 21 B.R. at 844. To ensure a narrow interpretation of its holding, the court said:

> This Court's decision does not hold that [an] application for an extension of time for filing a Proof of Claim after the claim date has expired will always be granted where the Debtor knows of the claim, but the required notice of a disclosure hearing or claim date has not been mailed to the creditors. Circumstances such as an already confirmed Plan, a partially or wholly effectuated Plan, or delay on the part of the creditor in requesting leave to file a Proof of Claim may militate in favor of the conclusion that justice does not require nor allow the late filing of a claim.

*Id.*

In the present case, while the reorganization plan has been confirmed (order signed

---

* Because the application of the new Bankruptcy Rules would work an injustice, the former Rule 906 will apply. *See* United States Supreme Court's Order of Transmittal (25 April 1982) (accompanying transmittal of new Bankruptcy Rules to Congress).

9 September 1983 and filed 12 September 1983), there would be no prejudice to the debtors in allowing the claim to stand as filed. A trial date has already been set to address the merits of this and at least one other disputed claim. Also, the debtors' Revised First Amended Plan of Reorganization, filed 7 September 1983, includes Conley's claim in the Class 3 disputed claims class and expressly allows for the Court's retention of post-confirmation jurisdiction to determine the allowance or disallowance of claims.

While the Court finds the debtors would not be prejudiced by permitting the late filing, that is just one of the factors to consider when determining whether the creditor's neglect in failing to file a timely claim was "excusable." Although presented with a different factual context, the Ninth Circuit has held that a liberal construction of "excusable neglect" as used in Rule 906(b) is to be given "where the order or judgment forecloses trial on the merits of a claim." *In re Magouirk,* 693 F.2d 948, 951 (9th Cir.1982). That would be the effect of the setting the claims bar date here. The other factors listed by the Court of Appeals as being profitably considered are:

> (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.

*Id.*

The present creditor filed her proof of claim only three weeks after learning the disclosure statement had been approved, and because the reorganized debtor has already made arrangements to dispose of one other claim objection, the court administration of this case will not be adversely affected—it will progress as outlined in the confirmed plan. While it troubles the Court that neither the creditor nor its counsel made an independent investigation into

the steps necessary to protect the finder's fee claim once they learned of the Chapter 11 filing, the fact remains that the debtors' breached their duty to include Conley on the list of creditors and the master mailing matrix.** This omission was the primary cause of the delay, and its avoidance was easily within the debtors' reasonable control. Also, there has been no allegation that the creditor acted other than in good faith under the circumstances. Moreover, this is not a case in which the creditor should be penalized for her counsel's lack of inquiry, as it was the debtors' omission that created the present problem.

*Conclusion*

Under the circumstances, the Court believes justice will be best served by deeming the time for filing proofs of claims enlarged and accepting the already filed claim as filed within that enlargement. Accordingly, it is hereby

ORDERED that the proof of claim filed by Conley for $28,000.00 is deemed to be timely and that the debtors' objection to the allowance of the claim will be heard on 26 October 1983 at 1:00 p.m.

---

** As noted previously, 11 U.S.C. § 521(1) requires the debtor to file a list of creditors. While an unwritten policy (that soon will be embodied in a local rule), the task of accurately

completing the master mailing matrix has been the debtor's responsibility in this district for nearly 10 years.