**In re LESTER WITTE & COMPANY, Debtor.**

**Bankruptcy No. 80 B 4428.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 16, 1984.

Ronald R. Peterson, Larry M. Wolfson, Catherine Steege, Jenner & Block, Chicago, Ill., for Trustee.

John R. Teitgen, Sidney N. Herman, Susan J. McDunn, Kirkland & Ellis, Chicago, Ill., for Hayecks.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came before the Court on the motion of George N. Hayeck, Ernest S. Hayeck, Hayeck & Hayeck, Haven Industries, Inc., and Hayeck Building and Realty, Inc. (Hayecks) for leave to file a late proof of claim. The court having carefully considered the pleadings, memoranda and affidavits filed herein, does hereby deny Hayecks' motion for leave to file a late proof of claim.

Essentially, Hayecks request leave to file a late proof of claim because of lack of notice of the claims bar date. The trustee objects to extending the bar date contending that the Court does not have the authority to extend the time for filing a proof of claim after the expiration of a bar date but for certain exceptions not applicable to the present case. Alternatively, the trustee argues that if the Court has the discretion to extend the bar date, the circumstances of this case do not warrant an extension.

### THE FACTS

The debtor, Lester Witte & Company, filed its voluntary petition under Chapter 11 of the Bankruptcy Code on April 2, 1982. In May of 1982, a trustee was appointed. At the request of the trustee, an order was entered on January 19, 1983, setting the final date for the filing of claims as April 22, 1983. On July 26, 1983, the Hayecks filed their motion for leave to file a late claim. The Hayecks are an unlisted, unscheduled creditor and had received no notice of the pending Chapter 11 case or of the claims bar date. Prior to their motion, the trustee had no knowledge of the existence of their claim (affidavit of trustee).

The Hayecks' claim against the debtor arises from an examination by the Internal Revenue Service of the Hayecks which began in April of 1981 and culminated in a tax assessment against the Hayecks on May 19, 1983. The debtor, a large accounting firm, performed accounting services for the Hayecks during the years under exami-

nation by the IRS. The first knowledge the Hayecks had of the pending Chapter 11 proceeding was not until one week after the assessment (affidavit of George N. Hayeck).

The debtor is a partnership and this is a liquidating Chapter 11 rather than a reorganization. No plan has yet been confirmed. However, on May 24, 1983, a settlement agreement was approved in principle, known as the Universal Peace Treaty. The creditors have agreed to settle and compromise claims with various former partners. As part of the Treaty, the creditors have released their rights to hold partners individually liable for any deficiency on their claims.

## ISSUES

The issue before the Court is twofold. First, does the Court have the discretion to extend the bar date for filing proofs of claim, and second, if so, should that discretion be exercised in the present case.

## DISCUSSION

At the threshold, the question which must be addressed is which set of Bankruptcy Rules is applicable to the present proceeding. On August 1, 1983, a new set of Bankruptcy Rules became effective. By Order of the United States Supreme Court, dated April 25, 1983, those rules were made applicable to proceedings pending on August 1, 1983, "except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice ...". Pursuant to this order, the new rules would govern this proceeding unless the court finds that their application would work an injustice.

Rule 3003(c)(3) of the 1983 Bankruptcy Rules provides "the court shall fix and for cause shown may extend the time within which proofs of claim ... may be filed." The applicable Interim Bankruptcy Rule 3001(b)(2)(B) provides "[T]he court may, at any time, require the filing of a proof of claim within such time as it may fix."

In Chapter 11 cases, under the Interim Bankruptcy Rules, the Court has discretion to extend the time for filing a proof of claim. *In re Hardy*, 33 B.R. 77, 79 (Bankr.D.Nev.1983); *In re C.S.T. Construction Co., Inc.*, 21 B.R. 840, 842 (Bankr.N.D.Ill.1982); *In re Oakton Beach & Tennis Club Real Estate Ltd., Partnership*, 9 B.R. 201, 204 (Bankr.E.D.Wis.1981); *but see In the Matter of E & El.P. Gas, Inc.*, 26 B.R. 952 (Bankr.N.D.Ind.1983) (Court has no discretion to extend filing time, relying on 1973 Bankr.Proc.Rule 302(e) and failing to discuss Interim Rule 3001(b)(2)). This Court concludes that it has the authority to exercise its discretion to extend the bar or not under both the Interim Rules in effect at the time of the filing of the Hayecks' motion or the 1983 Bankruptcy Rules, effective as of August 1, 1983. Given this similarity, this Court deems that an application of the 1983 Bankruptcy Rules to this proceeding would not work an injustice on any party.

Having determined the Court may exercise its discretion, the sole remaining issue is whether it should exercise its discretion and extend the bar date to allow a late filing in the circumstances of the present proceeding.

The cases which have allowed late filing and the cases which have denied late filing are similar in one respect. This Court perceives that the one principle adhered to by each court in reaching its decision has been that where it would be inequitable to allow late filing, late filing will be denied. The court in each case has made its determination based on the particular circumstances presented it.

The case of *City of New York v. New York, N.H. & H. Railroad Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), is the leading case in support of the position to extend bar dates to allow late filing. *City of New York*, a railroad reorganization, involved a situation where a debtor was aware of a creditor but failed to send notice of the bar date for filing claims. Failure to allow the City to file its claims would have resulted in the Railroad retaining property

free and clear of the City's liens and thereby reaping the benefits of its own negligence to the detriment of the City; a clearly inequitable result.

Other cases which have allowed late filing, *see, e.g., In re Moskowitz*, 35 B.R. 750 (S.D.N.Y.1983); *In the Matter of Pine Associates, Inc.*, 35 B.R. 49 (Bankr.D.Conn. 1983); *In re Hardy*, 33 B.R. 77 (Bankr.D. Nev.1983); *In re C.S.T. Construction Co., Inc.*, 21 B.R. 840 (Bankr.N.D.Ill.1982); *In re International Coins & Currency, Inc.*, 22 B.R. 123 (Bankr.D.Vt.1982), have enumerated various factors for doing so, including, 1) debtor's knowledge of the claim, 2) lack of prejudice to the debtor or the estate, 3) an early stage in the bankruptcy proceedings, and 4) the good faith of the creditor.

Cases which have denied the late filing of claims, *see, e.g., In re Keyboards America*, 30 B.R. 349 (Bankr.E.D.Va.1983); *Board of County Commissioners of Salini County, Kansas v. Coleman American Properties, Inc. (In re American Properties, Inc.)*, 30 B.R. 239 (Bankr.D.Kan.1983); *In re Tobilar, Inc.*, 29 B.R. 672 (Bankr.W. D.La.1983); *In the Matter of Fabrics Buys*, 28 B.R. 513, 10 B.C.D. 430 (Bankr.S. D.N.Y.1983); *In the Matter of E & EL.P. Gas, Inc.*, 26 B.R. 952 (Bankr.N.D.Ind. 1983); *In re Oakton Beach & Tennis Club Real Estate, Ltd. Partnership*, 9 B.R. 201 (Bankr.E.D.Wis.1981), when it would be inequitable to allow such filing have placed reliance largely on creditor's knowledge of the proceeding or prejudice to the debtor or estate.

■ In the case *sub judice*, although the Hayecks received no notice, the trustee had no knowledge of the existence of the claim. There was no attempt on the part of the trustee to conceal a claim known to exist. One factor which distinguishes the present case from all others cited or reviewed by this court is that this is a liquidating Chapter 11. There will be no reorganized, continuing entity. The debtor has ceased to exist. The only assets to be distributed are those collected by the trustee. It was the acceptance of the Universal Peace Treaty by the creditors which allowed the trustee to collect the assets of the debtor and various partners. It was the creditors' reliance on the amount available for distribution and their knowledge of the claims against said amount, coupled with their release of the partners from individual liability, which culminated in the Treaty. Since this is a liquidation, the Treaty is by analogy in a confirmed plan. The extension of the bar date to include the Hayecks' unliquidated, disputed claim at this late stage would necessitate a revision of the already approved Treaty, would be highly prejudicial to the other creditors and undermine the finality necessary for liquidation and distribution of the estate.

The trustee asserts in his memoranda that, unlike the other creditors, the Hayecks have not released any rights they may have to pursue former partners individually for potential claims against the partnership the Hayecks may have for malpractice. This assertion is never contradicted by the Hayecks.

The prejudice to the other creditors at this late stage of the proceedings has been a determining factor in this Court's decision to deny the motion for leave to file late. However, the opinion of this Court is expressly premised upon the existence of the Hayecks' right to pursue the former partner individually on their potential malpractice claim.

The trustee's motion to strike the supplemental affidavit of George N. Hayeck is presently before this Court. The Court, having reviewed the affidavit, has determined that it is of little probative value due to the conclusionary nature of paragraphs 4 and 5. Because it lacks probative value, these paragraphs were not considered by the Court in reaching its decision. Accordingly, any ruling on the trustee's motion to strike would be moot.

## CONCLUSION

The Court in a Chapter 11 proceeding under the Bankruptcy Code is expressly authorized, under both the Interim Bank-

ruptcy Rules and the 1983 Bankruptcy Rules, to exercise its discretion in extending a bar date for late filing of proofs of claim. For the reasons set forth above, this Court will deny the Hayecks' motion for leave to file a late claim.

WHEREFORE, IT IS HEREBY ORDERED that the motion of the Hayecks for leave to file a late claim is denied.