**In the Matter of Nelson Acosta PAGAN and Alma Figueroa De Acosta d/b/a/ Joyeria Cali.**

**Civ. No. 85–0952 GG.**

United States District Court, D. Puerto Rico.

April 1, 1986.

Federico Lora López, Hato Rey, P.R., for plaintiffs.

Mario O. García Quintero, Mayaguez, P.R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

A detailed presentation of the procedural history of this case is necessary to adequately address the issues presented by this appeal from an order of the bankruptcy court.

On January 10, 1979, appellants, Esteban Rosas González and Eligia Rodríguez Lebrón, filed suit at the Superior Court of Puerto Rico, Mayaguez Part, seeking the collection of certain monies from debtors, Nelson Acosta Pagán and Alma Figueroa de Acosta. This action arose from debtors' default on payment of mortgage and/or promissory notes to bearer issued by debtors in favor of appellants for the purchase of real property. The purchased property, 8.2371 cuerdas of land, was bought for a price of $47,000 and secured by a mortgage note issued on September 15, 1973. This mortgage note, which constituted a first mortgage, was payable on demand five years after date of issue with interest at 8% per annum. On even date, debtors executed a promissory note to bearer on demand in the principal amount of $25,000, with interest at 9% per annum, in order to finance a residential project. Thereafter, on February 21, 1974, as a result of a loan from appellants, debtors executed a promissory note payable to the bearer on demand in the principal amount of $10,000. This promissory note was secured by a second mortgage. The first and second mortgages both encumbered the real property purchased by appellants.

On May 3, 1979, debtors filed a petition under Chapter XI of the Bankruptcy Act of 1898, as amended. On June 14, 1979, pursuant to Bankruptcy Rule 11–44, debtors filed a motion to stay proceedings at the Superior Court in Mayaguez. This motion was granted and the state court proceedings were stayed pending the disposition of the bankruptcy case.

On August 8, 1979, debtors submitted their Arrangement Plan at the bankruptcy court. No reference was made therein to secured claims. The plan was confirmed and on February 22, 1980, the court issued a Notice of Confirmation and Discharge. Upon confirmation, on March 24, 1980, the case was closed at the bankruptcy court.

Thereafter, as per letter dated December 1, 1980, debtors' attorney informed counsel for appellants at the state court proceedings, attorney Tomás A. Vivoni, that the bankruptcy court had exonerated his clients on all payments of debts and had enjoined all actions on discharged debts.

Almost four years later, on August 27, 1984, debtors filed a motion for dismissal at the Superior Court in Mayaguez accompanied by a listing of all creditors, the original petition under Chapter XI and the order of confirmation of February 21, 1980. The confirmed plan was not submitted nor was the court informed of the March 24, 1980 closing of the bankruptcy case. Consequently, the superior court judge reaffirmed the court's previous order staying proceedings until disposition of the bankruptcy case.

On November 26, 1984, appellants filed a motion to reopen case, for relief from automatic stay and further relief which was denied as per the bankruptcy court's order of December 6, 1984. The present appeal followed.

Appellants in the case *sub judice* argue that the bankruptcy court's refusal to re-

open and/or remove proceedings to this court for an independent cause of action based on fraud constituted error. The allegations of fraud are grounded on debtors' listing of appellants as secured creditors during the reorganization proceedings when the disclosure of true value of the real property would have revealed that appellants were unsecured. Moreover, appellants argue that they never received official notice from the bankruptcy court during the reorganization proceedings because debtors deliberately provided an incomplete address in an attempt to deprive them of their property rights.

At the outset, we note that the reopening of closed cases is governed by 11 U.S.C. § 350(b), which provides that a case may be reopened "to accord relief to the debtor, or for other cause." The reopening of a case rests within the sound discretion of the bankruptcy court, and the case will only be reopened upon a showing of compelling circumstances justifying the reopening. *Reid v. Richardson,* 304 F.2d 351, 355 (4th Cir.1962); *In Re Rediker,* 25 B.R. 71 (Bankr.M.D.Tenn.1982). Moreover, the bankruptcy court's refusal to reopen a closed case can be overturned only upon a showing of abuse of discretion. *Matter of Seats,* 537 F.2d 1176 (4th Cir.1976); *In Re Sheerin,* 21 B.R. 438 (Bankr. 1st Cir.1982).

It is undisputed in this case that formal notice of the Chapter XI proceedings was not mailed to the appellants' correct address. The Chapter XI petition listed the appellants' address as State Road 348, Mayaguez, P.R. 00708, when it should have been Road 348, Bo. Malezas, Box 434–B, Km. 5.3, Mayaguez, P.R. 00708. Thus, it is likely that creditors did not receive formal notice of the bankruptcy proceedings.

However, despite the creditors' lack of formal notice, they did have actual knowledge of the general existence and pendency of the Chapter XI proceedings, though not presumably of each significant development therein.

The Supreme Court has consistently held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (citing *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914); *Priest v. Las Vegas,* 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751 (1914); *Roller v. Holly,* 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520 (1900). Specifically as to bankruptcy reorganization proceedings, the Court has held that a creditor, who has general knowledge of a debtor's reorganization proceeding, has no duty to inquire about further court action. The creditor has a "right to assume" that he will receive all that notices required by statute before his claim is barred forever. *New York v. New York, New Haven & Hartford R.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). *See also Reliable Electric Co. v. Olson Const. Co.,* 726 F.2d 620 (10th Cir.1984); *In Re Intaco Puerto Rico, Inc.,* 494 F.2d 94, 99 (1st Cir.1974); *In Re Harbor Tank Storage Co., Inc.,* 385 F.2d 111, 115 (3rd Cir.1967).

No formal notice of any kind regarding the bankruptcy proceedings, or the time and manner of filing a claim was ever given to the creditors prior to the confirmation hearing. Normally, under these circumstances, this would constitute a denial of due process of law subject to redress.

However, it does not follow that creditors can wait indefinitely to file their claims. Trustees, creditors, debtors, and even bankruptcy judges are entitled to some measure of finality in bankruptcy proceedings. *In Re Bell,* 47 B.R. 284, 290 (Bankr.E.D.N.Y.1985); *In Re Evanston,* 26 B.R. 998, 1005 (Bankr.N.D.Ill.1983), *aff'd,* 735 F.2d 1029 (7th Cir.1984).

We cannot overlook the fact that as early as June 14, 1974 appellants were aware of the bankruptcy proceedings from the motion to stay filed by the debtors in the state court. Also, the December 1, 1980 letter from debtors' attorney informed the appellants that the discharge order had already been entered. This letter alone should

have indicated to appellants there was need for haste. Despite this, appellants waited until November 26, 1984, a period of almost four years, before requesting the reopening of the bankruptcy proceedings.

We note that equity assists the vigilant and diligent, not those who sleep on their rights. Appellants' actions after receiving notice of the bankruptcy constitute dilatory behavior under the circumstances. *In Re Fabric Buys, Inc.*, 28 B.R. 513 (Bankr.S.D.N.Y.1983). Given the size of appellants' claim, the length of time which has transpired since the original filing of the bankruptcy proceedings and the closing of the case in that forum, together with their knowledge that debtors were in the process of reorganization, appellants' efforts were clearly insufficient. We find that having delayed so long, their claim is barred by laches. *See In Re Cmehil*, 43 B.R. 404 (Bankr.N.D.Ohio 1984); *In Re Chicago Pacific Corp.*, 773 F.2d 909, 917 (7th Cir.1985).

Thus, the bankruptcy court's decision not to reopen the case was well within the limits of its discretionary authority and is, therefore, affirmed. The clerk shall enter judgment dismissing the present appeal.

SO ORDERED.