In re GEM RAIL CORPORATION, Debtor.

Bankruptcy No. 81–01670K.

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 3, 1981.

David F. Dunn, Allentown, Pa., for debtor.

Gilbert W. Toll, Philadelphia, Pa., for Montgomery Office Associates.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue presently before this Court is whether the attorney for the debtor, Gem Rail Corporation (Gem), has carried the burden of proving excusable neglect for a late filing of the statement of financial affairs and schedules required by Rule 11–11 of the

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of

Rules of Bankruptcy Procedure. We conclude that the reasons put forth for the late filing are insufficient to constitute excusable neglect.

The facts of the instant case are uncontroverted and can be simply stated.[1] A petition for reorganization under Chapter 11 of the Bankruptcy Code (the Code) was filed on May 4, 1981. At that time, the debtor received a fifteen (15) day extension in which to file schedules and statement of affairs pursuant to Rule 11–11(b). On May 5, 1981, a sheriff's sale was held in which the equipment and furniture of the debtor was sold to the judgment creditor for the costs of the proceeding. On May 7, 1981, the debtor filed an application to vacate the sheriff's sale as a violation of the automatic stay provisions set forth in 11 U.S.C. § 362 (1979).

On June 3, 1981, eighteen (18) days after the last day for filing the statement of financial affairs and schedules, the debtor filed the application in the instant case for additional time to submit the required documents.

## DISCUSSION

In order to determine whether the late filing is permissible within the purview of the Code, we must look to the Rules of Bankruptcy Procedure. Rule 906 in pertinent part provides:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *upon application* made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect* . . . (emphasis added).

the Rules of Bankruptcy Procedure.

Courts have generally unlimited discretion under Rule 906(b)(1) to grant extensions of time for the performance of certain specified acts when application therefor is made prior to the expiration of the time provided. However, as in the instant case, where the application is for an extension of time after the time has expired for the doing of the act to which the time table applies, Rule 906(b)(2) permits an extension only upon a showing of "excusable neglect." *See In re Goode*, 3 B.R. 207, 6 B.C.D. 70 (Bkrtcy.W.D.Va.1980). *See also, In re Oakton Beach & Tennis Club*, 9 B.R. 201, 204 (Bkrtcy.E.D.Wis.1981); *In re Webb*, 8 B.R. 535 (Bkrtcy.S.D.Tex.1981); *In re Rogers*, 2 B.R. 485 (Bkrtcy.W.D.Va.1979); *In re Roethe*, 3 B.C.D. 75 (W.D.Wis.1977). Furthermore, the moving party has the burden of showing circumstances of excusable neglect. *Oakton Beach*, 9 B.R. at 204; *Webb*, 8 B.R. at 537. *See, e. g.*, 2 Moore's Federal Practice ¶ 1500.70 at 6.08 (2d ed. 1976) (discussing the burden of proof governing Fed.R.Civ.P. 6(b), from which Rule 906(b) is derived); *Martella v. Marine Cooks*, 448 F.2d 729 (9th Cir. 1971) (burden of proof under Fed.R.Civ.P. 60(b)(6)).

"Excusable neglect" has been defined in the case of *In re Manning*, 4 B.C.D. 304, 305 (D.Conn.1978) in the following language:

> The words "excusable neglect" are words of art, and are subject to the interpretation of the trier. The court has interpreted "excusable neglect" as meaning the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.

Excusable neglect calls for "circumstances that are unique or extraordinary." *Maryland Casualty Company v. Conner*, 382 F.2d 13, 17 (10th Cir. 1967). *See also, In re Standard Poultry Co., Inc.*, 5 B.R. 643 (Bkrtcy.E.D.Pa.1980). The courts have been most inclined to conclude that neglect was excusable whenever there was doubt as to whether a creditor had received adequate notice of a deadline for filing complaints. *In re Loveridge*, 2 B.C.D. 1597 (D.Conn. 1977).

The counsel for the debtor concedes that the statement and schedules were not filed within the fifteen (15) day period and that the application to extend the time period was not filed until after the expiration of the original period. The debtor argues, however, that as a result of the sheriff's sale on May 5, 1981, one day after the filing of the petition, the judgment creditor had in its possession the bulk of the records necessary to prepare the required statement and schedules. Subsequently, on May 7, 1981, the debtor filed an application to vacate the sheriff's sale as a violation of the automatic stay provisions found in section 362 of the Code.

Rather than request that the judgment creditor return the records necessary for the preparation of the statement and schedules, counsel for the debtor chose to obtain the documents by filing an application to vacate the sheriff's sale and await a scheduling of a hearing date on that application. Yet, it must be noted that the filing of an application to vacate a sheriff's sale does not relieve counsel for the debtor of the duty to adhere to the procedural rules promulgated by our judicial system and followed by this Court concerning the time periods for the filing of necessary documents. Nor can we believe that the scheduling of a hearing on that same application which, by chance, occurred beyond the time period in which the debtor was to file the documents, would excuse him from complying with time tables clearly set forth in Rule 11–11.

The uncontradicted evidence presented at the trial indicates that the debtor made no request, either orally or in writing, for the return of the records in the possession of the judgment creditor. In fact, upon receiving no requests for the return of the documents in its possession, the judgment creditor voluntarily delivered the records to the personal residence of the principal of the debtor corporation. When failure to timely perform a duty resulted from a chosen course of action and the circumstances were within the party's reasonable control, courts have been reluctant to relieve the

party of the consequences of its choice. *Oakton Beach*, 9 B.R. at 205. *See, In re Valley Fair Corporation*, 4 B.R. 564, 567–568 (Bkrtcy.S.D.N.Y.1980); *Manning*, 5 B.C.D. at 305. *See also*, 7 Moore's Federal Practice, ¶ 60.22[2] at 256 (2d ed. 1976) (on Fed.R.Civ.P. 60(b)). Also, an extension will not be granted where the delay could have been prevented by the diligence of the party. *In re Breining*, 8 B.R. 17 (Bkrtcy.S.D.N.Y.1980).

Clearly, the debtor could have requested the return of the records from the judgment creditor, but he chose instead to pursue a more time-consuming alternative, an action to vacate the sheriff's sale.

Accordingly, we conclude that the failure of the debtor to file the requested statement and schedules was due solely to circumstances which were altogether under its control and resulted from a freely chosen course of action. This type of behavior, under the definition expressed earlier, does not constitute excusable neglect for the purposes of Rule 906(b). This is a logical result, based on the premise that the procedural rules, in this as in all other courts, setting deadlines for the filing of necessary documents must be adhered to. To do otherwise would frustrate the processes of our judicial system.

The application for an extension of time is denied, and the petition of the debtor for reorganization is hereby dismissed for failure to file the schedules and statement of affairs required by Rule 11–11 of the Rules of Bankruptcy Procedure.