In re BAJAN RESORTS, INC. fdba Kilburn Vacation Home Share, Inc., a Delaware corporation, Debtor.

In re BAJAN DEVELOPMENT COMPANY, LTD., a Barbados corporation, Debtor.

Bankruptcy Nos. 84C–03443, 84C–03444.

United States Bankruptcy Court, D. Utah.

Feb. 6, 1987.

Douglas J. Parry, Larsen, Kimball, Parr & Crockett, Salt Lake City, Utah, for Philadelphia Life Ins. Co.

Michael Z. Hayes, Larsen, Mazuran and Verhaaren, Salt Lake City, Utah, for Bajan Resorts, Inc. and Bajan Development Co., Ltd.

## MEMORANDUM DECISION

GLEN E. CLARK, Bankruptcy Judge.

This is a motion by Philadelphia Life Insurance Company ("Philadelphia Life") for leave to file a late proof of claim under Bankruptcy Rules 3003(c) and 9006(b)(1). A hearing on this matter was held May 6, 1986. At that time, the Court took the matter under advisement and allowed the parties two weeks in which to file simultaneous briefs and supporting affidavits. The Court, now having considered the pleadings, memoranda and affidavits, issues the following Memorandum Decision.

## BACKGROUND

Bajan Resorts, Inc. ("Resorts") and Bajan Development Company ("Development") filed their Chapter 11 petitions on December 18, 1984. Philadelphia Life was not listed as a creditor in the schedules of either case. June 18, 1985 was set as the last day for filing proofs of claim. On April 2, 1986, Philadelphia Life filed its Motion for Leave to File Proof of Claim. That motion, together with its supporting memorandum and affidavits allege the following:

1. That Bajan Services, Inc., Bajan Travel, Inc., Resorts, and Development were all affiliated companies controlled by James Clark.

2. That Philadelphia Life has filed an action with the United States District Court for the District of Utah, denominated *Philadelphia Life Insurance Company v. Randall R. Waltman, et al.*, Civil No. C85–0578W, in which it asserts a fraud scheme between Waltman, a former insurance agent, Bajan Travel, and Bajan Services. This fraud scheme allegedly involved the fraudulent purchase of life insurance policies and the illegal rebating of commissions from Waltman to Bajan Travel, and the subsequent offset by Bajan Travel of its claim for sales commissions which were owed it by Bajan Services from the marketing of "sun packages" to certain limited partnership investors.

3. That as a result of the fraud scheme, monies which were paid by investors and which should have been used to pay insurance premiums were used "by various Bajan entities" in the development of the debtors' hotel project in Barbados.

4. That Philadelphia Life did not learn of its potential claim against Development and Resorts until it conducted discovery in the District Court action.

The debtors object to the present motion on the ground that Philadelphia Life is not a creditor in their estates since Development and Resorts were not parties to, nor beneficiaries of, the insurance contracts and did not economically benefit from them.

## DISCUSSION

Bankruptcy Rule 3003(c) provides that a creditor in a Chapter 11 case may file a proof of claim within the time fixed by the Court. In this case Philadelphia Life failed

to do so. It now seeks permission, almost an entire year after the fixed deadline, to file a late proof of claim. It relies on Bankruptcy Rule 3003(c)(3) which provides:

> The court ... *for cause shown may* extend the time within which proofs of claim or interest may be filed.

(emphasis supplied.) Similarly, Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court *for cause shown may* at any time *in its discretion* ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." (emphasis supplied.)

■ The Court believes that by the clear construction of these rules the movant must sustain a threshold burden of demonstrating sufficient "cause" to extend the time in which a creditor may file its proof of claim. Once the movant has met this burden, the Court then, *in its discretion*, may allow a late filed claim under appropriate circumstances. Additionally, as in the present case, where the motion is not filed until after the claims bar date, the Court may only exercise such discretion "where the failure to act was a result of excusable neglect." Bankruptcy Rule 9006(b)(1).

■ It is the opinion of the Court that, under the circumstances of the present case, even if the events as chronicled by Philadelphia Life constituted "cause," it would be inappropriate for the Court to exercise its discretion in allowing the movant to file a late claim. These cases have been in Chapter 11 administration since 1984. A consolidated disclosure statement has been approved. The proposed plan is a joint effort of the debtor and the creditors' committee. A late claim of Philadelphia Life at this date would necessitate a reworking of the plan and a new disclosure statement. Moreover, liquidation of Philadelphia Life's fraud claim would be expensive and time consuming and would further delay the administration of this estate.

Moreover, the Court believes that the evidence now before it is insufficient to demonstrate movant's probability of success in pursuing its claim against Development and Resorts. Those corporations have no contractual relationship with Philadelphia Life. The contracts were between the movant and Bajan Services. The only other Bajan entity allegedly involved in the rebate scheme was Bajan Travel. There is no specific allegation of wrongdoing on the part of Resorts or Development. Movant's link to the debtors is two-fold: (1) The debtors are part of an affiliated group of James Clark controlled Bajan entities; and (2) they have purportedly benefited from the alleged fraud scheme since moneys which otherwise would have been used to pay insurance premiums were used to develop the Barbados hotel.

The evidence as to control does not, in the Court's view, rise to the level necessary to justify disregarding the respective corporate entities. Allegations of control by James Clark are not inconsistent with his position as officer and controlling shareholder. The movant also directs the Court's attention to the high level of coordination of the Bajan entities during the development of the hotel. The Court, however, finds such coordination between various participants not unusual in a development of this nature. Furthermore, the depositions upon which the movant principally relies equally support a conclusion that the entities respected their distinctive status as far as reasonably possible. Although the corporations were housed in the same building, they "each had separate reception areas and separate parts of the building." (Wallace Merrill Jensen Dep. October 31, 1985, p. 30.) (Mills Dep. at 23.) The companies did not share accounting functions or bookkeeping. *Id.* at 27. They did not share computer programming. *Id.* at 27–28. Mr. Jensen further testified that in 1984 the high level of coordination ceased and "there was a pattern of separateness and going on to do other things, a parting of the ways ..." (Jensen Depo. at 30.) His testimony relating to the intercompany communication was "[a]s it pertained to the project." *Id.* Based on the evidence before it, the Court is unable to conclude that

these companies were simply alter egos of one another.

Movant's other claim is that Resorts and Development economically benefited from the fraud scheme. The Court finds this assertion to be too remote to justify the late claim at issue here. Movant does not allege that Resorts or Development were beneficiaries of the life insurance contracts. Nor does it allege that they were paid any of the illegal commissions. Rather, it simply alleges that due to the fraud scheme monies were funneled into the hotel development which otherwise would have required monetary contributions by these debtors. The Court finds that, notwithstanding the broad definition of "claim" under § 101(4), such a relationship between Philadelphia Life, on the one hand, and Resorts and Development, on the other, is simply too remote to be recognized.

Based on the foregoing, the Court believes it would be inappropriate for it to exercise its discretion in allowing the filing of a late claim. Therefore, Philadelphia Life's motion for leave to file a late claim is denied.