**In re ARROW AIR, INC., Debtor.**

**Bankruptcy No. 86–00340–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

June 23, 1987.

Lawrence A. Kellogg, Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Miami, Fla., for Creditors Committee of Arrow Air, Inc.

Timothy J. Norris, Weil, Gotshal & Manges, Miami, Fla., for Arrow Air, Inc.

Thomas A. Dickerson, New York City, for Terence Neilan.

## MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR REHEARING AND RECONSIDERATION OF MEMORANDUM DECISION AND ORDER EXTENDING CLAIMS DEADLINE

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court for hearing on June 11, 1987 at 9:30 a.m. on the Creditors Committee's Motion for Rehearing and Reconsideration of Memorandum Decision and Order Extending Claims Deadline. The Creditors Committee's motion was joined in by the Debtor, and was opposed by Terence Neilan, a creditor of the Debtor's estate. The essential facts are not in dispute.

On November 11, 1986, upon motion of the Creditors Committee, the Court entered an order setting December 15, 1986 as the deadline for filing claims against the Debtor's estate. The order also approved the terms of a "Notice of Deadline for Certain Creditors to File Proofs of Claim", which the Court directed to be sent to all known creditors of the Debtor. On or before November 24, 1986, the notice was served by mail upon at least 17,000 purported creditors. Additionally, the notice was published in major daily circulation newspapers in New York, Philadelphia, San Juan, Baltimore and Boston.

Over 12,000 of the 17,000 notices were served by mail upon creditors holding claims relating to a pre-bankruptcy dispute involving the Debtor and Value Vacations, Inc. The majority of these "Value Vacations-related" claims were held by persons who had purchased charter packages to Europe offered by Value Vacations, Inc. Over 1,800 Value Vacations-related claims were timely filed on or before December 15, 1986. The total amount of these timely claims are approximately $2,330,984.89.

Neilan, who is Class Representative in a class action filed in the United States District Court for the Southern District of New York against Value Vacations, the Debtor and others, filed a class proof of claim against the Debtor on behalf of others similarly situated. The class claim was

disallowed by the Court in a Memorandum Decision dated May 6, 1987, 75 B.R. 372. In response to the Debtor's objection to his class claim, Neilan requested the Court to extend the claims deadline until May 30, 1987, on the basis that certain unspecified Value Vacation-related creditors supposedly had not timely received notice of the December 15, 1986 bar date. In the Memorandum Decision, the Court extended the claims bar date for 90 days, through March 16, 1987. The Creditors Committee, joined by the Debtor, has moved for rehearing and reconsideration of that portion of the Memorandum Decision which extended the claims deadline. The Committee argues that a claims bar date may not be extended after it has expired, absent a showing of excusable neglect on the part of each claimant who seeks allowance of a late filed claim. Since no excusable neglect was shown by any claimant, the Committee contends, the Court should not have retroactively extended the bar date. The Court agrees.

■ *Bankruptcy Rule* 3003(c)(3) provides that the Court may extend the time within which proofs of claim must be filed only for cause shown. The Eleventh Circuit has held that Bankruptcy Rule 3003(c)(3) must be read *in para materia* with Bankruptcy Rule 9006(b)(1), which allows an enlargement of an already expired period of time only if the failure to act within the prescribed time was a result of excusable neglect. *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985). Excusable neglect, as interpreted by the Eleventh Circuit and other courts, means that the failure to act was due solely to matters beyond the movant's control. In *South Atlantic*, the Eleventh Circuit stated:

Courts have interpreted "excusable neglect" under Rule 9006(b) and its identically worded predecessor, Rule 906(b), as requiring the movant to show that " 'the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.' " *In re Gem Rail Corp.* 12 B.R. 929, 931 (Bankr.E.D.

Pa.1981) (quoting *In re Manning,* 4 B.C.D. 304, 305 (D.Conn.1978)). Thus, in *In re Underground Utility Construction Co.,* 35 B.R. 588 (Bankr.S.D.Fla. 1983), the court held that a creditor had failed to show "excusable neglect" for filing his claim three days after the bar date where the untimely filing was a result of his failure to mail his claim to the proper address. Similarly, in *In re Oakton Beach & Tennis Club Real Estate Limited Partnership,* 9 B.R. 201 (Bankr.E.D.Wisc.1981), the court held that counsel's reliance on misinformation from a bankruptcy court clerk regarding his duty to file a proof of claim did not amount to excusable neglect; *see also In re Horn Construction & Maintenance, Inc.,* 32 B.R. 87 (Bankr.S.D.Ala.1983), ("misunderstanding" between a creditor and its lawyers which caused its late filing of a proof of claim did not amount to "excusable neglect"); *In re Gem Rail Corp.,* 12 B.R. 929, 931 (Bankr.E.D.Pa. 1981) (creditor's failure to obtain records with which to file timely proof of claim was not excusable neglect where there was no showing by creditor that records could not easily have been obtained). Courts have been most willing to find excusable neglect where the movant failed to comply with the bar date because, through no fault of its own, it had no notice of that date. *See, e.g., In re Loveridge,* 2 B.C.D. 1597 (Bankr.D.Conn. 1977).

767 F.2d at 817–818. *See also In re F/S Communications Corp.,* 59 B.R. 824 (Bankr.M.D.Ga.1986).

■ Apart from the legal standards, there are important policy reasons underpinning the necessity for finding excusable neglect before blanketly extending the claims deadline after it has expired. Bankruptcy reorganization essentially involves settlement negotiations among a debtor and its creditors, under the watchful eye and benign control of the Bankruptcy Court. For the settlement process to work efficiently, the affected parties must negotiate with complete knowledge of the debtor's financial condition. Such knowledge is essential. Without it, negotiations would

exist in a vacuum, and creditors would have difficulty in assessing settlement proposals. If assessment becomes too difficult, a settlement becomes less likely because the parties are understandably wary of blindly accepting a proposal of payment to creditors of less than 100% of their claims. Thus, an essential purpose of setting a claims deadline, in this as in other reorganization cases, is to fully inform participants in the reorganization process as to the debtor's liabilities. Armed with this knowledge, proposals may be evaluated with confidence, and negotiations may proceed without being hindered by undue caution or skepticism caused by ignorance.

■ In this case, significant time and expense was expended in notifying potential creditors of the claims deadline. Not only were over 17,000 notices served, but also notice was disseminated by publication in newspapers within and without the United States. That creditors received adequate notice is proven by the fact that over 5,000 claims were timely filed. Of these claims, over 1,800 were Value Vacations-related.

With the benefit of this knowledge of claims potentially allowable against the estate, the Creditor's Committee, which was extremely active in this case, and the Debtor, were able to negotiate and have confirmed a plan of reorganization. The plan calls for significant distributions to unsecured creditors, in amounts that all parties admit far exceed what would be available upon liquidation. If such distributions are reduced to less than 25% of the allowed unsecured claims, however, the Creditors Committee has the authority to declare the plan null and void.

The 90 day extension of the bar date, granted at the same time that the plan was confirmed, has allowed a significant expansion of the potential universe of claims. Thus, after the plan was negotiated, drafted, circulated, accepted and confirmed, the expected distributions to creditors may be reduced substantially. If the reduction is too drastic, it may render meaningless the efforts of everyone involved in the otherwise successful reorganization, including the Debtor, the Creditors' Committee and the Court.

The 90 day extension, with its potentially devastating impact on the Debtor's successful reorganization, was granted without any showing of excusable neglect by any holder of a late-filed claim. The burden of showing such excusable neglect is upon the person seeking to have an untimely claim allowed. *See, e.g., In re Bajan Resorts, Inc,* 71 B.R. 52, 54 (Bankr.D.Utah 1987). Here, even assuming that Neilan has standing [1] to show the excusable neglect of late filing Value vacations-related creditors, no such showing was made. For this reason, the motion for rehearing and reconsideration shall be granted and the claims bar date shall remain December 15, 1986.

The Court is aware that the persons holding Value Vacation-related claims are generally consumers, whose claims may not be large enough to warrant the retention of counsel. For this reason, any party objecting to such claims as being untimely shall notify the holders that they have the right to prove excusable neglect for their failure to timely file claims before December 15, 1986. Being mindful that many of the claimants do not reside within this district, the Court shall accept and consider written submissions of excusable neglect, in letter form.

Accordingly, it is hereby

ORDERED that the Memorandum Decision and Order Disallowing Claim No. 988 of Terence Neilan as Class Representative and Denying Motion for Class Certification is modified to deny Neilan's Motion to Extend the claims filing deadline; the claims bar date shall remain December 15, 1986; and all objections to Value Vacations-related claims that are based upon untimeliness shall contain a notice of the claimant's bar date.

---

1. The individual claim filed by Neilan was filed prior to the expiration of the December 15, 1986

right to show excusable neglect for failure to timely file.