## In re STN ENTERPRISES, INC.
### d/b/a Atwater Arms.

### Civ. A. No. 88–88.

United States District Court,
D. Vermont.

July 28, 1989.

See also, Bkrtcy., 73 B.R. 470.

John Canney, III, Carroll, George & Pratt, Rutland, Vt., for debtor.

Peter Banse, Esquire, Keyser, Crowley, Banse & Facey, Rutland, Vt., for movant Clifford Henry.

## OPINION AND ORDER

BILLINGS, Chief Judge.

Clifford Henry appeals the decision of the United States Bankruptcy Court for the District of Vermont (Judge Conrad) denying his motion to enlarge the time to file his proof of claim. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a) and 28 U.S.C. § 1334. For the reasons expressed below, the decision of the bankruptcy court is reversed and the matter remanded for further hearing.

## BACKGROUND

On May 29, 1984, debtor/appellee STN Enterprises, Inc., filed a Chapter 11 petition for relief in the United States Bankruptcy Court for the District of Vermont. On June 28, 1984, debtor filed its Statement and Schedules listing its assets and liabilities. Appellant Henry was listed as a claimant. On January 1, 1985, the bankruptcy court (Judge Marro) issued an order fixing April 4, 1985, as the claims bar for creditors to file their proof of claims. The order directed debtor to give mailed notice of the claims bar to all creditors.

By motion filed November 5, 1987, Appellant Henry claimed he did not receive actual or constructive notice of the claims bar date and requested an enlargement of time to file his claim. After conducting a hearing on the motion on January 20, 1988, Bankruptcy Judge Conrad denied the motion to enlarge time, stating:

Upon consideration of the arguments and the evidence the motion is denied for the reason that this court is without authority to grant the relief requested, the motion having been filed more than one year after the date of such bar order. Bankruptcy Rule 9024; F.R.C.P. 60(b).

Henry appealed the denial of the motion to this Court, claiming: 1) the bankruptcy court erred in ruling it had no authority to extend the claims bar; and 2) Henry had shown excusable neglect pursuant to Bankruptcy Rule 9006(b)(1) warranting an enlargement of time or, alternatively, the issue of excusable neglect should be decided by the bankruptcy court on remand. In response, debtor/appellee claimed the bankruptcy court properly determined it lacked authority to extend the claims bar and appellant had failed to establish excusable neglect.

## DISCUSSION

Bankruptcy Rule 3003(c)(3) provides "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 9006(b) provides in pertinent part:

(1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement not permitted. The court may not enlarge the time for taking action under Rule ... 9024.

Bankruptcy Rule 9024 incorporates Fed. R.Civ.P. 60 into the bankruptcy rules and thereby precludes a court from relieving a party from a final judgment, order, or proceeding based upon excusable neglect after a one year period has elapsed from the judgment, order, or proceeding. Fed.R. Civ.P. 60(b). The parties dispute whether an order under Bankruptcy Rule 3003(c)(3) is a final order subject to the one year limitation on enlargement prescribed by Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b).

**220**

Judge Conrad implicitly ruled that the claims bar order issued pursuant to Bankruptcy Rule 3003(c)(3) was a final order subject to the one year prohibition on enlargement. Debtor argues in favor of this interpretation of Bankruptcy Rule 3003(c)(3), analogizing the claims bar period to a statute of limitations. Appellant rejects this interpretation arguing instead that an order under Bankruptcy Rule 3003(c)(3) is administrative in nature and not a final order within the meaning of Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b).

Orders issued pursuant to Bankruptcy Rule 3003(c)(3) bring to light all the claims against the debtor so the parties may negotiate with complete knowledge of the debtor's financial condition. *In re Arrow Air, Inc.*, 75 B.R. 375, 377 (Bankr.S.D.Fla.1987). The claims bar deadline is set by the bankruptcy court, in its discretion, to further the sound administration of the bankruptcy proceedings. Unlike the old bankruptcy law which set a fixed claims bar period, Bankruptcy Rule 3003(c)(3) has built-in flexibility to accommodate the equitable resolution of bankruptcy matters. *In re Vertientes*, 845 F.2d 57, 59 (3d Cir.1988).

Although courts have ascribed statute of limitations characteristics to the claims bar, the claims bar departs from a statute of limitations in one essential fashion. Unlike the finality of a statute of limitations, the claims bar is subject to statutory and equitable extension. *See, e.g., In re Sitzberger*, 65 B.R. 256, 260 (Bankr.S.D.Cal.1986) ("However, an exception to this 'statute of limitations' is afforded some late filed claims by both statutory language and the equitable powers of this Court"). Given the inherent flexibility of Bankruptcy Rule 3003(c)(3), the Court agrees with appellant that Bankruptcy Rule 3003(c)(3) orders lack the finality contemplated by Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b).

The Court notes the complete dearth of case law interpreting Bankruptcy Rule 3003(c)(3) orders as final for purposes of Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b). Under the implicit reasoning in Judge Conrad's opinions, all motions to enlarge the claims bar date are, in essence, motions for relief from final judgment pursuant to Bankruptcy Rule 9024 and Fed.R.Civ.P. 60. As indicated, no reported decision adopts this method of analysis either explicitly or implicitly. Rather, case law supports the interpretation that Bankruptcy Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(b)(1). *See, e.g., In re Vertientes, Ltd.*, 845 F.2d at 59. *In re Arrow Air, Inc.*, 75 B.R. at 377; *In re Wilson Mfg. Co.*, 59 B.R. 535, 537 (Bankr.W.D.Tex.1986). There is no case law to support the proposition that Bankruptcy Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(B)(2), Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b).

Based on the foregoing, the Court concludes that orders issued pursuant to Bankruptcy Rule 3003(c)(3) are not final orders for purposes of Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b). *Cf Indemnity Ins. Co. v. Reisley*, 153 F.2d 296, 299 (2d Cir.1945), *cert. denied*, 328 U.S. 857, 66 S.Ct. 1349, 90 L.Ed. 1629 (1946) ("[R]ule 60(b) ... is not applicable because it relates only to a final order, and no order in a bankruptcy proceeding is final (in the sense that it cannot be reopened) until the proceeding has been terminated.") Thus, a claims bar date may be enlarged, at any time during the pendency of the bankruptcy proceeding, where the creditor can show cause for missing the deadline. *See, e.g., In re Sitzberger*, 65 B.R. 256 (allowing government's claim over one year after the claims bar date); *See also In re Honeycutt Grain Co.*, 41 B.R. 678 (Bankr.W.D.La.1984) (disallowing claim filed one and one half years after claims bar where no showing by creditor of basis for failing to comply with claims bar).

Because Bankruptcy Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(b)(1), a creditor must show cause in the form of excusable neglect when it seeks enlargement of the bar date after the expiration of the claims period. Judge Conrad never reached the question of whether Henry had shown excusable neglect for not filing a proof of claim.

Because Judge Conrad had the authority to enlarge the time for filing a proof of claim, he should have ascertained if excusable neglect on the part of Henry warranted enlarging the claims bar period. The matter, therefore, is remanded to the bankruptcy court for hearing and determination on whether Henry's failure to file a timely claim was the result of excusable neglect.

## CONCLUSION

For the reasons discussed above, the decision of the bankruptcy court denying Henry's motion to enlarge is REVERSED and the matter REMANDED for hearing consistent with this opinion.

SO ORDERED.